UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEMETRICES MITCHELL,

    Petitioner,

v.                                     CASE NO. 8:13-cv-3051-T-23AEP

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

    Mitchell applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state conviction for fraudulent use of personal identification, for which he is serving three years. In response to an earlier order (Doc. 4), Mitchell paid the required filing fee. Rule 4, Rules Governing Section 2254 Cases, requires both a preliminary review of the application for the writ of habeas corpus and a summary dismissal "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."

    Based on the facts presented in the application and the attached exhibits, Mitchell's application presents no claim reviewable under Section 2254. The application's only ground for relief asserts the denial of Mitchell's Fourth Amendment rights and challenges the state trial court's pre-trial denial of Mitchell's

motion to suppress the fruits of a search. Mitchell cannot pursue a Fourth Amendment claim in a federal court if he had an opportunity for a full and fair review in the state court. "[W]e conclude that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). For the preclusion under *Stone* to apply the state court must issue findings of fact, as *Hern v. Florida*, 326 Fed. App'x 519, 522 (11th Cir. 2009),* explains:

> A state does not afford a defendant a full and fair opportunity to litigate the validity of a search under the Fourth Amendment when the state courts fail to make essential findings of fact. In *Tukes v. Dugger*, we addressed whether *Stone* foreclosed review of the validity of a search when the defendant presented his argument but the state courts failed to make findings of fact to resolve that argument. 911 F.2d 508, 513-14 (11th Cir. 1990). We concluded that the state courts had failed to afford the defendant a full and fair opportunity to litigate the validity of the search when they did not make findings of fact about whether the defendant had invoked his right to counsel or was in custody when he consented to the search of his home. We stated, "The trial court's failure to make explicit findings on matters essential to the fourth amendment issue, combined with the fact that the state appellate court issued only a summary affirmance, precludes a conclusion in this case that the state provided the meaningful appellate review necessary to erect a *Stone v. Powell* bar to our review of the claim." *Id.* at 514.

---

* "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

Mitchell attached to his application both a transcript of the evidentiary hearing on the pre-trial motion to suppress and the state trial court's order, which denies the motion to suppress and which contains clear findings of fact. (Doc. 1-3)  Mitchell admits that the state trial court's ruling was affirmed on appeal.

Mitchell fails to show denial of his opportunity for a full and fair review of this claim during the state trial and subsequent appellate proceedings.  Consequently, the Fourth Amendment claim is barred from federal review.

Accordingly, the application for the writ of habeas corpus (Doc. 1) is **DENIED**.  The clerk must enter a judgment against Mitchell and close this case.

### DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Mitchell is not entitled to a certificate of appealability ("COA").  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, Mitchell must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because Mitchell fails to show that reasonable jurists

would debate the applicability of *Stone v. Powell*, Mitchell cannot meet *Slack*'s prejudice requirement.  529 U.S. at 484.  Finally, Mitchell is not entitled to appeal *in forma pauperis* because he is not entitled to a COA.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Mitchell must obtain permission from the circuit court to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on March 20, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE